UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK



LINDA OLIVER,

Plaintiff,

-against-

CHRISTIAN DRIBUSCH, in his individual capacity and former role as Chapter 7 Trustee, Defendant.

SUMMONS AND COMPLAINT

Civil Action No.: 1:25-CV-724 (AJB/DJS)

TO THE ENTITY/PERSON(S) NAMED AS DEFENDANT(S) ABOVE:

PLEASE TAKE NOTICE that you are hereby summoned to appear in this action by serving a notice of appearance on the Plaintiff at the address set forth below within twenty (21) days after service of this Summons (not counting the day of service itself), or within thirty (30) days after service is complete if the summons is not delivered personally to you within the State of New York.

YOU ARE HEREBY NOTIFIED that should you fail to answer or appear, a judgment will be entered against you by default for the relief demanded below.

NAME AND ADDRESS OF DEFENDANT:

Christian Dribusch

Dribusch Law Firm

187 Wolf Road, Suite 300-020

Albany, NY 12205

NOTICE:

The nature of this action is:

Violation of Civil Rights (42 U.S.C. § 1983 and Bivens)

Violation of the Fourth and Fourteenth Amendments

Abuse of Process

Conversion and Unauthorized Seizure of Property

Invasion of Privacy

Unlawful Eviction under Real Property Law § 223-b and RPAPL § 853

Intentional Infliction of Emotional Distress

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, CONVERSION, ILLEGAL EVICTION, AND RELATED CLAIMS

Plaintiff Linda Oliver, proceeding pro se, brings this civil rights and tort action against Christian Dribusch, in his individual capacity and former role as a Chapter 7 bankruptcy trustee, and alleges as follows:

INTRODUCTION

This action is brought under 42 U.S.C. § 1983 and/or the federal equivalent under Bivens v. Six Unknown Agents, 403 U.S. 388 (1971), for violations of Plaintiff's constitutional rights by a federal officer acting under color of law.

This case arises from Trustee Christian Dribusch's unlawful eviction of Plaintiff, a legal tenant at 40 North Road, Queensbury, NY, through unconstitutional entry, false claims of court authority, and denial of access to Plaintiff's home and property. Plaintiff's personal property — including work attire, legal documents, clothing, food, electronics, and other essential belongings — was rendered inaccessible for days and potentially lost or mishandled as a result.

STATEMENT OF FACTS

The Plaintiff is the girlfriend of Kris Daniel Roglieri, the Debtor in a pending Chapter 7 bankruptcy case (Case No. 24-10157). Plaintiff resided full-time at 40 North Road, Queensbury, NY — a property owned by Mr. Roglieri and managed as part of the bankruptcy estate. The Plaintiff had legal possession of the home with the Debtor's consent and was a lawful tenant under New York law, with full-time occupancy and personal property on the premises.

On May 24, 2024, during a complete property walkthrough, Debtor Kris Roglieri informed Trustee Dribusch that Plaintiff resided at the home. The Trustee observed the Plaintiff's belongings and acknowledged her occupancy.

On May 31, 2024, Mr. Roglieri was taken into custody. Plaintiff remained at the property, maintained it, and cooperated with the Trustee in good faith.

On June 4, 2024, the Trustee unlawfully entered the residence by breaking in through the garage without a court order or prior notice. The Plaintiff was at work. Her personal belongings and dog were inside. A video confirms the Trustee admitted to entering via the garage in a phone call with the Plaintiff.

The Court did not authorize turnover until June 10, 2024. Thus, the June 4 and 5 entries, which included auction staff and a neighbor, occurred unlawfully, in violation of the Plaintiff's constitutional and housing rights.

On June 12, 2024, while the Plaintiff was at work in New York City, the Trustee informed her by text that the locks had been changed. The Plaintiff was given no notice, hearing, or copy of the court order. She was locked out without due process.

On June 19, 2024, the Trustee hosted an open house at the property while the Plaintiff's belongings were still inside. She was not notified in advance and only became aware after checking her Ring camera and confirming with the SAM representative. This intrusion caused extreme emotional distress.

On April 29, 2025, the representative of the Saratoga Auto Museum (SAM), working under the Trustee, submitted an affidavit under oath falsely accusing the Plaintiff of theft

Specifically, the unauthorized removal of sunglasses from the Estate. The accusation was false. The Debtor had instructed the Plaintiff to retrieve exempt personal items, including shoes, clothing, family photographs, and cigars for his family. The Plaintiff returned all items to the SAM representative. After reviewing the items, the SAM representative stated they had no estate value and returned them to the Plaintiff, except the cigars, which were retained despite being unboxed and worthless.

Later, it was discovered that cigars were included in the auction of a large cigar case, raising legal questions about the sale of tobacco products without proper licensing. The Trustee later acknowledged the issue in a text message asking, "Do you know anything about the cigars and some other personal belongings of Mr. Roglieri?" The Trustee's representative never corrected her false affidavit.

The pink box that held the sunglasses was never removed from the Estate. The Plaintiff personally handed the box to the SAM representative when the Plaintiff was granted access to the Estate, with the SAM representative supervising. The false affidavit caused reputational harm and was used to justify the Plaintiff's unlawful eviction. However, no eviction proceeding, order, or hearing occurred beforehand.

Additional items belonging to Plaintiff — including her office chair (Lot #E24-122) — were sold without notice or inventory. Several items of the Plaintiff were returned only after the Plaintiff provided proof of ownership. The Trustee never provided an inventory to the Plaintiff, distinguishing between the Estate and third-party property reflects gross

mismanagement, negligence, and a broader abuse of power in the administration of the bankruptcy estate.

PATTERN OF TRUSTEE MISCONDUCT

In addition to unlawfully evicting Plaintiff, Defendant engaged in a broader pattern of misconduct during his tenure as Chapter 7 trustee. This included seizing and concealing high-value property such as 25 boxes of wine (some belonging to the Plaintiff), shoes, clothing, and sunglasses. These items were not listed in the Trustee's original asset reports and were only acknowledged after the Debtor raised concerns. The wine was eventually returned, but only after a significant delay and confrontation. The Trustee's shifting explanations suggest an attempt to justify unlawful conduct retroactively. This violated 11 U.S.C. § 704 and reflects bad faith administration, conversion, and abuse of process.

The Defendant's conduct reflects a form of "bankruptcy-for-profit," in which Estate and non-estate assets were seized or prepared for liquidation without oversight, inventory, or court authority. This conduct, including misleading the Court, supports punitive damages and an investigation into systemic abuse.

On May 23, 2025, following multiple objections, allegations of misconduct, and court filings, Defendant Christian Dribusch formally resigned as Chapter 7 Trustee in the underlying bankruptcy case. Although the Court later deemed the pending motion to remove him "moot," Plaintiff asserts that his resignation was the result of escalating

scrutiny over his handling of the Estate, not a voluntary act. This resignation further reinforces Plaintiff's claim that Defendant's conduct was unlawful, retaliatory, and in direct violation of his fiduciary duties as a court-appointed officer.

## IV. CAUSES OF ACTION

Count 1 – Violation of Civil Rights (42 U.S.C. § 1983 / Bivens)

Defendant, acting under color of federal law, deprived Plaintiff of rights under the Fourth and Fourteenth Amendments.

Count 2 – Conversion

The Defendant wrongfully interfered with the Plaintiff's property without court authority.

Count 3 – Invasion of Privacy

The Defendant entered the Plaintiff's home and allowed auction staff and a neighbor to access her belongings, thereby violating her right to privacy.

Count 4 – Intentional Infliction of Emotional Distress

The Defendant's actions were outrageous and caused severe emotional and professional harm.

Count 5 – Abuse of Process

The Defendant exceeded his role and violated procedures designed to protect residents and lawful occupants, including individuals with independent property interests.

Count 6 – Illegal Eviction (Real Property Law § 223-b)

The Defendant removed the Plaintiff, a legal tenant, without a valid court order, thereby violating state law.

Count 7 – Wrongful Eviction (RPAPL § 853)

Unlawful removal justifies treble damages under RPAPL § 853, as in Lyke v. Anderson (1989).

V. RELIEF SOUGHT

Plaintiff respectfully requests:

Compensatory damages

Treble damages under RPAPL § 853

Punitive damages

Damages for emotional and reputational harm

Attorney's fees under 42 U.S.C. § 1988

Pre- and post-judgment interest

A jury trial

Any other relief the Court deems just and proper

Plaintiff reserves the right to amend this Complaint to include additional defendants or claims as further facts come to light, including but not limited to the potential role of Assistant U.S. Trustee Lisa Penpraze in enabling or failing to prevent the misconduct described herein.

DATED: June 9, 2025

*[signature]*

Linda Oliver

Plaintiff, Pro Se

11 Hill Top Ln

Poughkeepsie, NY 12603

Ph: (713) 894-4626