UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LINDA OLIVER,

                              Plaintiff,

                                                                                       1:25-CV-724

          v.                                                                      (AJB/DJS)

CHRISTIAN DRIBUSCH,
*in his individual capacity and former role as*
*Chapter 7 Trustee*

                              Defendant.
_____

**APPEARANCES:**

LINDA OLIVER
Plaintiff, *Pro Se*
Poughkeepsie, New York 12603

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER[1]

       The Clerk of the Court has sent to the undersigned for review a Motion for Leave to Proceed *In Forma Pauperis* ("IFP") filed by *pro se* Plaintiff. Dkt. No. 2, IFP App. As outlined below, the Court recommends that the Motion be denied.

       A court may authorize a litigant to proceed *in forma pauperis* if it determines that she is unable to pay the filing fee. 28 U.S.C. § 1915(a)(1). "The decision of whether to

---

[1] "A decision to deny or revoke IFP status [ ] is generally regarded as dispositive and thus falls outside [a magistrate judge's] purview." *Abreu v. Lira*, 2014 WL 4966911, at *2 n.1 (N.D.N.Y.Sept. 30, 2014) (citing *Kiobel v. Millson*, 592 F.3d 78, 92 (2d Cir. 2010)).

- 1 -

grant an application to proceed IFP rests within the sound discretion of the court." *Deep v. Boies*, 2010 WL 11526763, at *1 (N.D.N.Y. Mar. 19, 2010) (citation omitted).

> As a standard for determining eligibility for IFP status, section 1915(a)(1) does not set financial guideposts; instead, the statute merely provides that IFP status may be granted when the court is satisfied "that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). To make this threshold showing a plaintiff must demonstrate "that paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute." *Fiebelkorn v. U. S.*, 77 Fed. Cl. at 62 (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339, 69 S. Ct. 85 (1948)). Put another way, section 1915(a)(1) does not require a showing of absolute destitution to qualify for IFP status. *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000). As the Second Circuit has noted, "[n]o party must be made to choose between abandoning a potential meritorious claim or foregoing the necessities of life." *Potnick v. Eastern State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (citing *Adkins*, 335 U.S. at 339, 69 S. Ct. at 89).

*Id.*

Based upon the information provided in Plaintiff's Motion, this Court determines that Plaintiff has the ability to pre-pay the entire $402 filing fee required to maintain this action. In particular, Plaintiff's Motion reflects gross annual wages of $109,652. Dkt. No. 2. While, the application also lists significant debts and limited bank account balances, the Court finds that Plaintiff's income level is such that she does not meet the requirements in order to proceed IFP.

The Court recommends that the District Court dismiss Plaintiff's Complaint if she does not submit the filing fee, or submit additional information indicating that she is

unable to pay such fee, within thirty (30) days of the filing date of this Report-Recommendation and Order.

## CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Motion to Proceed In Forma Pauperis be **DENIED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: July 11, 2025
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).