U.S. DISTRICT COURT – N.D. OF N.Y.
FILED
Oct 17 - 2025
John M. Domurad, Clerk

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

Linda Michelle Oliver,

　　Plaintiff,

　　　　v.

Christian H. Dribusch, in his individual capacity,

　　Defendant.

Case No. 1:25-cv-00724-AJB-DJS

MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

1

PRELIMINARY STATEMENT

Plaintiff Linda Michelle Oliver respectfully submits this opposition to Defendant Christian Dribusch's Motion to Dismiss. Defendant misapplies the Barton Doctrine and disregards key allegations showing his conduct was ultra vires outside the scope of his authority and both retaliatory and unconstitutional. This lawsuit is not an attempt to interfere with the administration of the bankruptcy estate it is a civil rights and tort action against a trustee who unlawfully evicted a legal resident without a court order, seized non-estate property, and denied Plaintiff the opportunity to be heard.

Plaintiff, who is not the debtor, alleges deprivation of her Fourth and Fourteenth Amendment rights, as well as actionable torts under New York law. These claims are supported by evidence and fall well outside any protected trustee functions. As numerous courts have held, trustees who act outside their authority are not entitled to immunity or protection under the Barton Doctrine. Therefore, Defendant's Motion to Dismiss must be denied.

FACTUAL BACKGROUND

On June 12, 2024, Defendant Dribusch, acting in his capacity as a Chapter 7 bankruptcy trustee, changed the locks at 40 North Road, Queensbury, NY, the home where Plaintiff had resided full-

time. He did so without a court order authorizing eviction and despite having full knowledge that Plaintiff was a lawful resident and not the debtor.

All of Plaintiff's personal belongings including clothing, shoes, personal documents, photographs, toiletries, kitchenware, electronics, wine, a motorcycle, and other household items were inside the home at the time of the lockout. Plaintiff had legally changed her mailing address to 40 North Road, and although she did not pay household utility bills (which were paid by the debtor), she did contribute to food and cleaning services especially after the debtor's incarceration.

On that day, everything Plaintiff owned except the clothes she was wearing at work was locked inside. She was never given notice, an opportunity to object, or a court hearing regarding her rights. The lockout resulted in immediate homelessness, emotional trauma, and the complete loss of access to essential property, housing, and livelihood.

Plaintiff was also forced to purchase a car on June 08, 2024, under extreme duress. For months, she had been using a vehicle belonging to the debtor with informal permission, but the Trustee began pressuring her to return the car. While initially stating he could "work with her," his conduct escalated into repeated home entries without notice or court approval causing her to fear she would be stranded without transportation. On June 12, 2024, she was fully locked out of the residence. She had no meaningful time to secure alternative transportation or housing.

Evidence of the Trustee's unauthorized entries and pressure regarding transportation will be submitted via video footage from Plaintiff's Ring camera during discovery, documenting his entry into the residence without prior notice or court order, and contributing to Plaintiff's sense of urgency and duress in securing independent transportation and housing.

When Plaintiff asked to retrieve her belongings, Defendant stated via text:

"Per UST guidance and Bankruptcy Court Order, it was necessary for me to change the locks again. Either me or my representative will need to be in attendance when you remove items"

There was no such court order.

The auction house retained some of Plaintiff's items without disclosing them in any list. Plaintiff was forced to confront them in person to retrieve property she could prove was hers. She was never notified that certain items like a chair were taken and sold, and only realized they were gone later. This was not a lawful process. They entered the home and took what they wanted, without verifying ownership, and without any discussion or notice to Plaintiff.

ARGUMENT

I. THE BARTON DOCTRINE DOES NOT BAR THIS ACTION

4

A. Ultra Vires Conduct Falls Outside Barton Protection

The Barton Doctrine protects trustees only when they act within the scope of their statutory duties and under court supervision. It does not shield them from personal liability when they violate constitutional rights or state law without court approval.

In Leonard v. Vrooman, 383 F.2d 556 (9th Cir. 1967), the court held that a trustee "cannot claim judicial immunity when he acts outside his authority or without court approval."

In In re Heinsohn, 247 B.R. 237 (E.D. Tenn. 2000), the court allowed a tort action against a trustee who seized non-estate property without authority.

In Teton Millwork Sales v. Schlossberg, 311 F. App'x 145 (10th Cir. 2009), Barton was deemed inapplicable when a trustee's conduct was unauthorized.

Here, Defendant evicted Plaintiff without court order, seized non-estate property, and denied due process. These are not protected trustee functions under 11 U.S.C. § 704.

II. PLAINTIFF STATES A CLAIM UNDER 42 U.S.C. § 1983 AND BIVENS

Plaintiff alleges violations of the following constitutional rights:

Fourth Amendment for unlawful seizure of property without a warrant or court order.

Fifth and Fourteenth Amendments for denial of procedural due process in being locked out and dispossessed without notice or hearing.

First Amendment for retaliatory conduct following Plaintiff's efforts to assert her legal rights.

Under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), and 42 U.S.C. § 1983, federal actors may be sued personally for constitutional violations.

In Soldal v. Cook County, 506 U.S. 56 (1992), the Supreme Court held:

"Seizure of property in violation of the Fourth Amendment is actionable, even if no search is involved."

Plaintiff's occupancy was terminated without any judicial process.

III. QUALIFIED IMMUNITY DOES NOT APPLY

Qualified immunity does not apply where a public official violates clearly established law. At this stage, the Court must take all allegations as true.

Here, Plaintiff alleges:

•Lockout without court order,

•Seizure of personal property,

- False representations of court authority.

Such conduct violates clearly established precedent under Saucier v. Katz, 533 U.S. 194 (2001), and Ashcroft v. al-Kidd, 563 U.S. 731 (2011). Therefore, Defendant is not entitled to qualified immunity at this stage, as his actions violated clearly established constitutional rights of which a reasonable trustee should have known.

## IV. STATE LAW CLAIMS ARE VALID AND NOT PREEMPTED

Plaintiff brings several independent tort claims:

Wrongful eviction under RPAPL § 853 permitting treble damages for unlawful ouster.

Conversion unlawful taking and sale of personal property.

Trespass to chattels interference with personal belongings.

Intentional infliction of emotional distress extreme, reckless conduct causing harm.

These claims exist independently of the bankruptcy proceeding and would be actionable even if no bankruptcy case were pending. They are not preempted by the Bankruptcy Code, as they arise from harm to a non-debtor and are not tied to estate administration.

## V. DAMAGES & RELIEF REQUESTED

Plaintiff respectfully requests the following relief:

Compensatory Damages, including:

- Hotel stays, moving costs, lost property, and relocation expenses.

- Rent paid in advance in a new home she was forced to secure on extremely short notice, which she had to furnish and repair rapidly due to lack of preparation time.

- Essential home supplies and food purchased urgently to make the new residence functional and livable, as Plaintiff had to move in without adequate time to prepare or furnish the space.

- Purchase of a new vehicle under duress due to fear of being stranded after Trustee pressure and privacy violations.

Treble Damages under RPAPL § 853 for wrongful eviction.

Punitive Damages under Smith v. Wade, 461 U.S. 30 (1983), for reckless disregard of constitutional rights.

Attorney's Fees and Costs under 42 U.S.C. § 1988, including fees incurred in pursuing this case pro se and fees of future retained counsel.

Emotional Distress Damages due to housing instability, duress, loss of privacy, and unlawful treatment.

Declaratory and Injunctive Relief, declaring Defendant's conduct unlawful and outside trustee authority.

CONCLUSION

The Complaint alleges conduct that is plainly unconstitutional, tortious, and outside the scope of bankruptcy administration. The Barton Doctrine and immunity defenses do not apply. Plaintiff has sufficiently stated causes of action under both federal constitutional law and state tort law.

For the reasons above, the Motion to Dismiss should be denied in its entirety, and this matter should proceed to discovery, where Plaintiff will further substantiate her claims with video evidence, witness statements, and documentary proof.

Dated: October 17, 2025

Respectfully Submitted,

Linda Michelle Oliver, Pro Se

11 Hill Top Ln

Poughkeepsie, NY 12603

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF NEW YORK

**Linda Michelle Oliver**, Plaintiff,

v.

**Christian H. Dribusch**, in his individual capacity, Defendant.

Case No. 1:25-cv-00724-AJB-DJS

**CERTIFICATE OF SERVICE**

I, Linda Michelle Oliver, hereby certify that on October 17, 2025, I served a true and correct copy of Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss via U.S. Postal Service Certified Mail with postage affixed, addressed to the attorneys of record for Defendant:

Karen G. Felter, Smith, Sovik, Kendrick & Sugnet, P.C. – Syracuse Office, 250 South Clinton Street, Suite 600, Syracuse, NY 13202-1252

Kevin E. Hulslander, Smith, Sovik, Kendrick & Sugnet, P.C. – Syracuse Office, 250 South Clinton Street, Suite 600, Syracuse, NY 13202-1252

Dated: October 17, 2025

Poughkeepsie, NY

Signature: _____

**Linda Michelle Oliver (Pro Se)**

11 Hill Top Lane

Poughkeepsie, NY 12603