IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

LINDA OLIVER,

        Plaintiff,

  -v-

CHRISTIAN DRIBUSCH, in his individual
capacity and former role as Chapter 7 Trustee,

        Defendant.

Civil Action No.: 1:25-CV-00724
[AJB/DJS]

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION BY DEFENDANT TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12 (B)(1)**

Dated: October 27, 2025

**SMITH, SOVIK, KENDRICK & SUGNET, P.C.**
*Attorneys for Defendant,*
*Christian Dribusch*
250 South Clinton Street, Suite 600
Syracuse, N.Y. 13202-1252
Tel: 315-474-2911
Fax: 315-474-6015

{S2312742.1}

## REPLY STATEMENT

The central issue in this case is whether this Court has subject matter jurisdiction to hear plaintiff's claims against defendant Dribusch, the former bankruptcy Trustee for the estate of plaintiff's boyfriend or associate, Debtor Kris Daniel Roglieri. The Barton Doctrine establishes that a plaintiff must obtain leave from the bankruptcy court before filing suit against a trustee in another court for actions taken in their official capacity *Lebovits v. Scheffel (In re Lehal Realty Assocs.)*, 101 F.3d 272 (2d Cir. 1996). This doctrine is jurisdictional in nature, and failure to seek such leave bars the exercise of subject matter jurisdiction over third-party suits against trustees.

The opposition filed by plaintiff, Linda Oliver, to defendant Dribusch's motion to dismiss the Complaint is insufficient as a matter of law to preclude the relief sought. Plaintiff's conceded failure to seek permission from the Bankruptcy Court before commencing this action against defendant Dribusch is alone fatal to her claims and deprives this Court of subject matter jurisdiction. Further, none of the arguments she offers in opposition to the applicability of the Barton Doctrine changes the fact that she was required to, and did not, seek permission from the Bankruptcy Court and no exception to the Barton Doctrine applies. More specifically, because the allegations of the Complaint can only be related to actions Dribusch took pursuant to his official duties as the Trustee under the Bankruptcy Code, this Court does not have jurisdiction to hear plaintiff's claims based on the Barton Doctrine. *See Peia v. Coan,* No. 05-cv-1029, 2006 WL 798873, at *2, 2006 U.S. Dist. LEXIS 12811 (D. Conn. Mar. 23, 2006) ("[The plaintiff] did not obtain leave of the Bankruptcy Court before filing this lawsuit

[against the trustee] in the district court."); *Muratore v. Darr*, 375 F.3d 140, 143 (1st Cir. 2004) (affirming district court's dismissal for lack of subject matter jurisdiction in action brought against trustee because petitioner failed to obtain leave from the bankruptcy court).

## REPLY ARGUMENT

## THAT DEFENDANT DID NOT HAVE A COURT ORDER OF EVICTION IS OF NO CONSEQUENCE, THE BARTON DOCTRINE CONTROLS

Plaintiff references defendant having locked her out of the debtor's property where she had been residing "without a court order authorizing eviction," but then Trustee Dribusch did not need a court order authorizing plaintiff's eviction because he was not a landlord or owner of the property and plaintiff was not his tenant. Instead, Trustee Dribusch was appointed by the Bankruptcy Court to "marshal assets" and "gain a possessory interest" in them for the benefit of the Estate to which he was accountable. (Dribusch Declaration, ¶ 2). All his actions in connection with gathering and liquidating the property of the estate were authorized by the Turnover Order granted on May 22, 2024, and the Supplemental Turnover Order dated June 10, 2024. (Dribusch Declaration, ¶¶ 2-6). Nevertheless, plaintiff erroneously and without legal foundation contends that Dribusch's actions were "ultra vires" and beyond the protection of the Barton Doctrine. Nothing could be further from reality.

Courts have routinely dismissed claims against bankruptcy trustees or defendants working as agents for a bankruptcy trustees even in connection with eviction claims by "innocent" tenants like plaintiff. *See e.g., Wilson v Nandlal Corp. (In re Cumberbatch*, 657 BR 683, 701 [Bankr EDNY 2024] (Barton applies to real estate professionals retained by trustee and approved by court who evicted or attempted to

evict plaintiffs from estate property).   Likewise in *Phoenician Mediterranean Villa, LLC v Swope (In re J & S Props., LLC*), 545 BR 91, 113 [Bankr WD Pa 2015]), *aff'd* 554 B.R. 747 (2016), *aff'd* 872 F.3d 138 (3d Cir. 2017), the court addressed allegations of a party similar to those raised by plaintiff here, e.g., a third party complaining of being evicted from property by a bankruptcy trustee.  In *Phoenician*, the court ultimately concluded the Barton Doctrine was irrelevant because the plaintiff had not commenced litigation against the trustee outside the bankruptcy court.  However, the court still considered the validity of the Barton Doctrine to the plaintiff's argument that the trustee had acted "ultra vires" and was consequently not entitled to claim immunity in connection with the plaintiff's claims.

The *Phoenician* court cited *Wells Fargo Fin. Leasing, Inc. v. Jones*, 2015 U.S. Dist. LEXIS 37572, *9-11 (W.D. Ky. Mar. 25, 2015), where the district court concluded it lacked jurisdiction over the complaint under the Barton doctrine because the property agent who constructively evicted plaintiffs by changing the locks was an agent of the Trustees to assist in furtherance of their duties to collect and preserve the assets of the bankruptcy estate.  2015 U.S. Dist. LEXIS 37572 at *11.[1]  The *Phoenician* court

---

[1] The *Phoenician* court cited the district court's reasoning in *Wells Fargo* as follows:

> With respect to CAJM's allegations that Cohoon changed the locks to the property without giving notice to CAJM, and permitted others to remove property belonging to CAJM from the premises, the court recognized that such actions were taken by Cohoon "to preserve the assets of the bankruptcy estate." Id. CAJM claimed that the Barton doctrine does not apply to Cohoon "because he was not acting as the trustee, a court-appointed officer, or a court-approved officer." 2015 U.S. Dist. LEXIS 37572 at *7. The District Court, however, stated that "[i]t would be a grave mistake to limit the Barton doctrine only to cases in which a trustee or his professional is a named party to litigation. . . . In evaluating the limits of the Barton doctrine, the Court looks to the purpose and potential effect of the   [*112]   Complaint and the plausibility of the claims it asserts against persons closely associated

concluded that the Wells Fargo court's failure even to mention whether changing the locks without notice to the plaintiff warranted the conclusion that it is "obvious" a bankruptcy Trustee "*has a duty to secure and preserve estate assets, including changing the locks* to a building when circumstances warrant:"

> *The fact that the District Court in Wells Fargo v. Jones did not delve into whether the Trustees' actions (taken through Cohoon), including changing the locks—an action specifically alleged by CAJM to have been wrongful and without notice to CAJM—warranted an ultra vires inquiry, speaks volumes*. It was obvious to the District Court, just as it is obvious to this Court, that a Chapter 7 Trustee has a duty to secure and preserve estate assets, including changing the locks to a building when circumstances warrant. *The fact that the Blackrock Trustee had the locks changed, even without notice to CAJM whose property was inside the building, when done in furtherance of a duty to control access to the property for the benefit of those to whom the Blackrock Trustee owes such a duty, did not raise an ultra vires concern for the District Court.* Likewise, even when providing a most generous interpretation to Phoenician's allegation that Mr. Focht changed the lock "in conspiracy" with Ms. Swope, having been done in the context of permitting Ms. Swope to access and oversee the property in fulfillment of her duties as a Chapter 7 Trustee, *the Court finds this not to be ultra vires—neither in the jurisdictional context of Barton nor in the context of assessing Ms. Swope's claim of immunity under the circumstances presented.*

*Phoenician*, 545 BR at 113.

"Courts have consistently applied the Barton Doctrine broadly to prevent suits against court-appointed officers in a wide variety of circumstances." *MF Global*

---

with the Trustee." 2015 U.S. Dist. LEXIS 37572 at *7-8. (quoting *In re Hindu Temple & Cmty. Ctr. of Ga., Inc.*, 502 B.R. 881, 890 (Bankr. N.D. Ga. 2013). The District Court placed great significance on the fact that "The declarations filed by the [SEB and Blackrock] Trustees underscore that the locks were changed to the property at their direction and access to the property was granted by Cohoon as directed by the Trustees." Id.

*Holdings Ltd. v. Allied World Assur. Co. (In re MF Global Holdings Ltd.)*, 562 B.R. 866, 876 (Bankr. S.D.N.Y. 2017). Here, plaintiff Oliver, like the plaintiffs in *Phoenician* and *Wells Fargo*, who complained of being unlawfully evicted or denied access to property by a bankruptcy trustee who changed the locks, is barred from bringing her claims against Dribusch without obtaining permission of the Bankruptcy Court because the allegations against Dribusch, like the allegations against the trustees or trustee agents in *Phoenician* and *Wells Fargo* are <u>*obviously and indelibly related*</u> to Dribusch's role as Trustee. As such, the Complaint must be dismissed.

## PLAINTIFF'S ULTRA VIRES ARGUMENTS ARE INSUFFICIENT TO DEFEAT THE BARTON DOCTRINE

Plaintiff's primary legal argument against application of the Barton Doctrine is that defendant's conduct was allegedly *ultra vires* and therefore falls outside the Doctrine's protection. However, this argument fails for several reasons. As noted previously, the Second Circuit has not yet endorsed an "ultra vires" exception to the Barton Doctrine. Further, the ultra vires exception to the Barton Doctrine is "extremely narrow." *Nazareno v Cardello*, 2021 US Dist LEXIS 103861, at *9 [EDNY Apr. 28, 2021, No. 20-CV-2242 (DRH)(AYS)] ("As one commentator has noted, "courts finding the exception to the Barton doctrine under section 959(a) to be available are exceedingly rare." Michael T. Driscoll, THE BARTON DOCTRINE: AN EXAMINATION OF ITS PAST, PRESENT & FUTURE APPLICATION IN BANKRUPTCY MATTERS, Document 25 No. 6 J. Bankr. L. & Prac. NL Art. 2. (Dec. 2016)).

In *Leonard v Vrooman*, 383 F2d 556, 560-561 [9th Cir 1967], cited by plaintiff, is distinguishable on its facts from the present case. In *Leonard*, the defendant trustee broke into the home of plaintiff who was unrelated to the debtor and seized possession

of his real property even though it was not listed as an asset of the estate. Thereafter, the trustee refused to relinquish possession of the property even after he discovered title was claimed and recorded in the name of the plaintiff. The court stated the trustee's "diligence in this case was misdirected and should have been exercised in ways other than by forcible entry and retention of possession." *Id*. The court further noted "Under the circumstances here involved, <u>the trustee initially could have and should have obtained a turnover order</u> directing delivery to the trustee of the [personal property] which was an asset of the bankrupt estate." *Id*.

The factual scenario in *Leonard* is entirely different from the facts at bar where defendant Dribusch has submitted a Declaration explaining did obtain a Turnover Order and Supplemental Turnover Order before he took possession of the Debtor's home and its contents and changed the locks out of concern Estate property was being taken from the house. (Dribusch Declaration, ¶¶ 2-9). Dribusch states he and/or the auctioneer concluded reasonably that the office chair plaintiff now claims was hers was part of the Estate property, when she did not remove it from the residence after being given a chance to do so. (Id.). Plaintiff does not even dispute the Trustee's contention that she left the office chair at the house after being given an opportunity to remove her belongings. Nor does she refute Dribusch's allegation that the first time he heard anything about an office chair belonging to the plaintiff being sold was when he read the Complaint. (Dribusch Declaration, ¶ 8).

A bankruptcy court presumes that acts were a part of the trustee's duties unless a plaintiff initially alleges at the outset facts demonstrating otherwise because Congress intended for the Bankruptcy Code to be comprehensive and for the federal

courts to have exclusive jurisdiction over bankruptcy matters.  *See Lowenbraun v Canary (In re Lowenbraun)*, 453 F3d 314, 317 [6th Cir 2006].  Thus, a <u>presumption in favor of the trustee, counsel, or other bankruptcy official that they were acting within the scope of their duties</u> prevents a plaintiff from making unsupported allegations in an attempt to defeat Congress's goal of providing exclusive federal jurisdiction over bankruptcy matters.  *Id*.  Here, plaintiff's submissions have failed to dispel the presumption or the stated facts by Dribusch that was acting within his designated authority when he allegedly took possession of the Debtor's home, seized all of the property of the Estate, and changed the locks when he became concerned plaintiff was removing property of the Estate.  Dribusch also contends he was acting within his authority when he sold the office chair or other property still remaining in the residence after plaintiff removed her things because he believed they were legitimately part of the *<u>apparent</u>* property of the Estate.

*In re Heinsohn*, 247 BR 237, 241 [ED Tenn 2000], cited by plaintiff in opposition to defendant's motion, did not even involve application of the Barton Doctrine and the court's holding did not—contrary to plaintiff's contention—"allow a tort action against a trustee who seized non-estate property without authority" proceed.  Rather, in *Heinsohn*, the plaintiff filed a malicious prosecution and defamation action in the Circuit Court for Knox County, Tennessee against defendant Hendon, the bankruptcy trustee.  Hendon removed the case to the Bankruptcy Court and the plaintiff filed a motion for remand.  The district court *<u>affirmed</u>* the decision of the Bankruptcy Court to deny the plaintiff's motion to remand and grant Hendon's motion to dismiss.

{S2311592.1}                                                      - 7 -

While plaintiff also cites *Teton Millwork Sales v. Schlossberg*, 311 Fed. Appx. 145 (10th Cir. 2009), the plaintiff in that case explicitly made detailed allegations of fraudulent conduct by the defendant trustee <u>*after*</u> he seized assets of a corporation in which the debtor only had a 25% share and made misrepresentations about his authority to take control over the company's operations. The court found the cited conduct of the trustee triggered the statutory exception to the Barton Doctrine in section 28 U.S.C. § 959(a) for alleged "acts or transactions in <u>*carrying on business*</u> connected with" the bankruptcy estate. Here, the plaintiff makes no such claims. Her allegations are more akin to those in *Muratore v Darr*, 375 F3d 140, 145 [1st Cir 2004]), where the court found the "different counts in Muratore's complaint," which included abuse of process which plaintiff Oliver also claims, <u>*all allege Darr's misconduct in discharging his trustee's administrative responsibilities*</u>."

Likewise, in her Complaint, plaintiff Oliver contends Dribusch violated her civil and "housing rights" when he took possession of the Debtor's home and changed the locks. There are no allegations that defendant Dribusch exceeded his authority by "carrying on business connected with the bankruptcy estate" sufficient to trigger the statutory exception to Barton. *Muratore v Darr*, 375 F3d 140, 145 (citing *Austrian v. Williams*, 216 F.2d 278, 285 (2d Cir. 1954) (holding in Chapter 11 case that section 959(a) did not apply and stating, "merely to attempt to collect and liquidate the assets of a debtor is not to carry on its business in any proper sense of the term."). The allegations of the Complaint make clear that all of plaintiff's claims for damages as well as violation of her civil, constitutional and property rights are premised on actions Dribusch took in furtherance of his authority as Trustee to secure and seize assets of

the Bankruptcy Estate. As such, the Complaint must be dismissed for lack of jurisdiction based on the Barton Doctrine.

## ALTHOUGH QUALIFIED IMMUNITY IS NOT RELEVANT AT THIS STAGE, IT WILL BE A LEGALLY VALID BASIS FOR THE BANKRUPTCY COURT TO DENY PLAINTIFF THE RIGHT TO ASSERT HER CLAIMS IN A FORUM OUTSIDE THE BANKRUPTCY

While plaintiff argues that qualified immunity is not applicable as a bar to her Complaint, defendant did not raise this as a ground for dismissal. In any event, qualified immunity would ultimately prove fatal to a request in the Bankruptcy Court, should she make one, for permission to bring these claims against defendant Dribusch outside the context of the bankruptcy proceeding.

In *Wilson, supra*, 657 BR at 700, the Bankruptcy Court agreed with the defendants' argument that they were entitled to dismissal of the plaintiffs' claims of "asserted unlawful eviction by the MYC Defendants and others of the Plaintiffs from an apartment at the Property" on the basis of qualified immunity:

> [Plaintiffs] point in their OSC Opposition to the ultra vires exception to the Barton doctrine and argue, in substance, that actions that exceed a defendant's official functions in their appointed role should not be protected from scrutiny. See Pltfs' OSC Opp. ¶ 15.
>
> But this assertion, without more, cannot save the Plaintiffs' claims from scrutiny for plausibility under Rule 12(b)(6). And here, the Plaintiffs' own allegations, viewed together with the record of the Debtor's Chapter 7 case, show that the MYC Defendants were acting in their official roles as the Chapter 7 trustee's retained professionals in connection with these matters, and are entitled to qualified immunity for the actions that they took at the Property, as retained real estate professionals in the Debtor's Chapter 7 case.
>
> This Court authorized the retention of MYC & Associates, Inc., "as real estate broker to market and sell the Debtor's real property known as and located at 1553 Eastern Parkway,

> Brooklyn, New York 11233." In re Cumberbatch, Case No. 21-40360, Order Authorizing Retention of MYC & Associates, Inc. as Broker for Trustee to Market and Sell Real Property, ECF No. 112. In such capacity, MYC & Associates, Inc. was specifically retained, "for the purposes of marketing and selling the Real Property." Id. On February 20, 2023, the MYC Defendants arrived at the Property, "to show it to a potential purchaser," an act that is squarely within the [*702] scope of its court-ordered retention. MYC Mot. ¶ 61.

For these stated reasons, this Court, like the court in *Wilson*, should find and conclude that the defendant Dribusch, like the MYC defendants in Wilson would surely be entitled to dismissal of the Complaint under Rule 12(b)(6) on grounds that "under the doctrine of qualified immunity, the Plaintiffs' claims against them are not plausible. " *Id*.

### IN THE ABSENCE OF SUBJECT MATTER JURISDICTION, THE COURT SHOULD NOT EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS

In the event plaintiff's federal claims are dismissed, the Court should decline to exercise supplemental jurisdiction over her remaining causes of action, which are purely state law claims.  *See* 28 U.S.C. § 1367 (c) (3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if [ ] the district court has dismissed all claims over which it has original jurisdiction").  Because none of plaintiffs' federal claims state a claim for relief pursuant to Fed. R. Civ. P.  12 (b) (6), there is no federal question jurisdiction.  Further, the Court lacks subject matter jurisdiction based on diversity of the parties as the Complaint is currently pled because both plaintiff and the defendant are alleged to reside in New York.

In the absence of subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 or 1332 (a), the Court should decline to exercise supplemental jurisdiction over plaintiff's New York State Law claims.  *See* 28 U.S.C. § 1367 (c) (3); *Cave v. East Meadow Union*

*Free School Dist.*, 514 F.3d 240, 250 (2d Cir. 2008) ("Certainly, if the federal claims are dismissed before trial . . . the state claims should be dismissed as well.") (internal quotation marks omitted); *Bellanich v. Doe*, 164 Fed. Appx. 193, 194 (2d Cir. 2006) (summary order).

## CONCLUSION

Based on the foregoing, defendant, Christian Dribusch, respectfully requests that his motion per Fed. R. Civ. P. 12 (b)(1) to dismiss the Complaint for lack of subject matter jurisdiction be granted in its entirety, together with such further relief as this Court deems fair, just, and equitable.

Dated: October 27, 2025

SMITH, SOVIK, KENDRICK & SUGNET, P.C.

By: _____
Kevin E. Hulslander, Esq.
Bar Roll No.: 103027
Karen G. Felter, Esq.
Bar Roll No.: 508182
*Attorneys for Defendant Christian Dribusch*
250 South Clinton Street, Suite 600
Syracuse, N.Y. 13202-1252
Tel: 315-474-2911
Fax: 315-474-6015
E-mail: khulslander@smithsovik.com
kfelter@smithsovik.com