UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

U.S. DISTRICT COURT – N.D. OF N.Y.
FILED
Oct 28 - 2025
John M. Domurad, Clerk

**Linda Michelle Oliver,**

  Plaintiff,

v.

**Christian H. Dribusch,**

  Defendant.

Case No. 1:25-cv-00724-AJB-DJS

**PLAINTIFF'S REQUEST FOR LEAVE TO FILE SUR-REPLY**

**Dated: October 28, 2025**

Hon. Anthony J. Brindisi

U.S. District Judge

James T. Foley U.S. Courthouse

445 Broadway

Albany, NY 12207

Dear Judge Brindisi:

1

I respectfully request leave to file a short sur-reply to address new legal arguments and factual assertions raised in Defendant Christian Dribusch's Reply Memorandum of Law (ECF No. 22), filed on October 27, 2025, in further support of his motion to dismiss.

The reply brief introduces new case law (e.g., *Wells Fargo Leasing v. Jones*, *Phoenician Mediterranean Villa*, *Cumberbatch*), expands the Barton Doctrine argument beyond the scope of the initial motion, and raises for the first time a speculative qualified immunity defense — arguing that even if leave of the bankruptcy court were sought, it would be denied.

Defendant also presents new factual assertions not found in the original motion, including characterizations of the turnover orders and misleading statements about Plaintiff's legal status at the residence. These require clarification to ensure a fair and accurate record.

Because I am proceeding pro se and these arguments were raised for the first time in reply, I respectfully submit the attached **Sur-Reply Memorandum of Law** as **Exhibit A**.

If the Court grants this request, Plaintiff asks that the Sur-Reply Memorandum be deemed filed as of the date of this letter.

Thank you for your time and consideration.

Respectfully submitted,

*[signature]*

Linda Michelle Oliver, Pro Se

11 Hill Top Ln

Poughkeepsie, NY 12603

Dated: October 28, 2025

EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

**Linda Michelle Oliver,** Plaintiff,

v.

**Christian H. Dribusch,** Defendant.

Case No. 1:25-cv-00724-AJB-DJS

# PLAINTIFF'S SUR REPLY MEMORANDUM OF LAW

IN FURTHER OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

## PRELIMINARY STATEMENT

Plaintiff submits this sur reply to address new legal arguments and factual assertions raised in Defendant's Reply Memorandum (ECF No. 22). Defendant mischaracterizes the allegations, expands the Barton Doctrine defense, and reframes unlawful acts as protected trustee duties.

Plaintiff is not the debtor. She was a lawful, full-time resident of 40 North Road, known to the Trustee, and was locked out without a court order authorizing her eviction or the seizure of her property. The turnover orders cited did not apply to her.

1

# I. THE BARTON DOCTRINE DOES NOT BAR CLAIMS BY NON-DEBTORS FOR CONSTITUTIONAL VIOLATIONS AND TORTS

Defendant incorrectly suggests that all trustee conduct during administration is immune, absent leave from the bankruptcy court. The Barton Doctrine does not apply where a trustee acts outside court authority or harms third parties. Under 28 U.S.C. § 959(a), trustees may be liable for torts committed while administering estate business, especially when such actions are unauthorized. See *In re VistaCare Grp.*, 678 F.3d 218 (3d Cir. 2012).

Plaintiff alleges that Dribusch knew she resided at the property, entered without a court order or notice, changed the locks, blocked access, and falsely claimed court authority. These actions, unauthorized by any court order, violated her constitutional rights and fall outside trustee protections.

# II. DEFENDANT RELIES ON FACTUAL ASSERTIONS NOT SUPPORTED BY THE RECORD

Defendant's reply introduces new factual claims that contradict Plaintiff's allegations and should be disregarded at this stage. On a motion to dismiss, the Court must accept allegations as true and draw all inferences in Plaintiff's favor. See *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Plaintiff has pled that she lived at the residence full time, contributed to the household, the Trustee knew of her presence, she received no legal notice of eviction or seizure, and her belongings were taken or sold without process. These facts are specific, plausible, and sufficient.

2

Defendant also faults Plaintiff for a lack of evidence, but evidence is not required at this stage. Video footage, messages, and bankruptcy transcripts will be presented in discovery. Plaintiff has refrained from burdening the Court prematurely and reserves all rights.

## III. THE TURNOVER ORDERS DID NOT AUTHORIZE EVICTION OR SEIZURE OF PLAINTIFF'S PROPERTY

The turnover orders issued in May and June 2024 were directed at the debtor. They do not reference eviction, lockouts, or the seizure of third-party property. Despite this, Trustee Dribusch entered the property multiple times without court approval, changed the locks, and excluded Plaintiff, knowing she lived there. He falsely claimed court authority.

Defendant's Reply misleadingly refers to a June 10, 2024 turnover order as though it authorized all prior entries. That order was issued after the Trustee had already entered the property multiple times on or about June 3rd, 4th, and 5th without any court authorization or notice. Those earlier intrusions occurred while no order was in effect and therefore cannot be retroactively justified. The Trustee's conduct before June 10th was unlawful and outside the scope of his authority.

Plaintiff was forced to find emergency housing and replace essential items under duress while her personal property was withheld, sold, or taken. This was not estate administration; it was an abuse of power. See *Cedar Tide Corp. v. Chandler's Cove Inn, Ltd.*, 266 A.D.2d 580 (2d Dep't 1999) (wrongful lockout permits treble damages under RPAPL § 853). Plaintiff's state-law claims are independently actionable.

3

## IV. QUALIFIED IMMUNITY IS NOT A BASIS FOR DISMISSAL

Defendant speculates that leave to sue would be denied based on qualified immunity. This is not a valid basis for dismissal. Qualified immunity does not apply where public officials violate clearly established rights. See *Saucier v. Katz*, 533 U.S. 194 (2001); *Soldal v. Cook County*, 506 U.S. 56 (1992).

Plaintiff alleges unlawful seizure, retaliation, and denial of due process, which are precisely the types of claims that survive dismissal. Plaintiff's claims under 42 U.S.C. § 1983 remain viable, as the facts alleged show that Defendant, acting under color of law as a federal bankruptcy trustee, violated clearly established constitutional rights.

## V. PLAINTIFF'S STATE LAW CLAIMS ARE SEPARATE AND VIABLE

Plaintiff's federal constitutional claims under 42 U.S.C. § 1983 remain fully valid because Defendant, acting under color of federal authority, violated clearly established Fourth and Fourteenth Amendment rights by entering Plaintiff's home, seizing her property, and depriving her of due process without a lawful order.

In addition to these constitutional violations, Plaintiff has asserted parallel state-law claims, including wrongful eviction, conversion, trespass to chattels, and intentional infliction of emotional distress that arise from the same unlawful conduct. These state claims are independently actionable under New York law and are not preempted by the Bankruptcy Code.

4

Even if the Court were to disagree on any aspect of the federal claims, the state-law claims must still proceed because they stem from separate wrongful acts committed against Plaintiff personally, not from the administration of the bankruptcy estate. Plaintiff was excluded from her home and deprived of her property without due process of law, conduct that constitutes actionable torts under state law, regardless of federal jurisdiction.

## CONCLUSION

Trustee Dribusch acted without a court order, misrepresented the law, and locked out a lawful resident while seizing non-estate property. These actions are not protected trustee functions.

Plaintiff has stated valid claims under both federal and state law. The motion to dismiss should be denied in its entirety. This Court should not allow legal technicalities to shield conduct that violated constitutional protections, deprived Plaintiff of her home and property without due process, and occurred without lawful safeguards.

**Respectfully submitted,**

/s/ **Linda Michelle Oliver**

Linda Michelle Oliver, Pro Se

11 Hill Top Ln

Poughkeepsie, NY 12603

Dated: October 28, 2025

5

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

**Linda Michelle Oliver,**

   Plaintiff,

v.

**Christian H. Dribusch,**

   Defendant.

Case No. 1:25-cv-00724-AJB-DJS

# CERTIFICATE OF SERVICE

I, Linda Michelle Oliver, hereby certify under penalty of perjury that on October 28, 2025, I served a true and correct copy of the following documents:

- Plaintiff's Request for Leave to File Sur-Reply

- Exhibit A (Cover Page)

- Proposed Sur-Reply Memorandum of Law in Further Opposition to Defendant's Motion to Dismiss

via U.S. Postal Service Certified Mail, with postage affixed, addressed to:

**Karen G. Felter**

**Kevin E. Hulslander**

Smith, Sovik, Kendrick & Sugnet, P.C.

250 South Clinton Street, Suite 600

Syracuse, NY 13202-1252


Dated: October 28, 2025

Poughkeepsie, New York

**Signature:** _/s/_

**Linda Michelle Oliver (Pro Se)**

11 Hill Top Lane

Poughkeepsie, NY 12603