

250 South Clinton Street, Suite 600
Syracuse, New York 13202

Telephone 315-474-2911
Facsimile 315-474-6015

**Karen G. Felter**
Partner
kfelter@smithsovik.com

October 30, 2025

*Syracuse | Buffalo*
*Hudson Valley | Long Island*

<u>VIA ECF</u>
Hon. Anthony J. Brindisi,
United States District Judge
Alexander Pirnie Federal Bldg. and U.S. Courthouse
10 Broad Street
Utica, NY 13501

        Re:    *Oliver v. Dribusch*
                Civil Action No.: 1:25-cv-00724 (AJB/DJS)

Dear Judge Brindisi:

      I am writing to request that the Court accept this very brief response to the Sur-Reply plaintiff filed in response to defendant Dribusch's Reply Brief in further support of the motion to dismiss the complaint. (Dkt. # 11).

      With full respect for benefits the pro se plaintiff is entitled to, defendant *did not* raise *new* legal or factual assertions in his Reply Brief. Indeed, defendant did not cite or mention the qualified immunity doctrine—that issue was first raised by plaintiff in her opposition. (Dkt. # 21). The *Wells Fargo* case was highlighted in defendant's reply papers not on the question of qualified immunity, but because plaintiff expressly opposed the motion to dismiss on the basis of an illegal lock out. Additionally, the reference to the June 10, 2024, Supplemental Turnover Order, rather than the much earlier May 22, 2024, Turnover Order (Dkt. #11-1, pp. 1-8), was in response to plaintiff's contentions regarding actions defendant allegedly took on June 12, 2024. (Dkt. # 21, pp. 2-3).

      Finally, the case cited by plaintiff in her Sur-Reply at page 3, e.g., *Cedar Tide Corp. v. Chandler's Cove Inn*, 266 A.D.2d 580 (2d Dep't 1999), does not appear to exist upon searching in both Westlaw and Lexis. There is a Second Circuit case with that name, but not that citation, *In re Cedar Tide Corp.*, 859 F.2d 1127, 1128 [2d Cir 1988], but it does not involve a "wrongful lockout without permits" or the RPAPL. Rather, there, the Circuit affirmed bankruptcy court's Order that nullified an improper post-petition transfer of assets by the debtor-in-possession. There is also a Second Department case entitled *Mint Factors v. Cedar Tide Corp.*, 133 A.D.2d 222 (1987), involving an attorney retaining lien. Lexis Protégé GPT-Thinking platform advises that the Second Department citation is a "non-existent or conflated cite" caused by AI misattribution of the Second Department case and the later Second Circuit one.

                                        Respectfully submitted,

                                        Karen G. Felter

Cc:    Linda Oliver (Via ECF and Regular U.S. Mail)